**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

BRIAN ROBINSON,                          :
                                         :    Civ. A. No. 08-5863 (NLH)(JS)
                    Plaintiff,           :
                                         :
          v.                             :    **MEMORANDUM**
                                         :    **OPINION & ORDER**
JANET JORDAN,                            :
                                         :
                    Defendant.           :

---

**APPEARANCES:**

WILLIAM H. BUCKMAN
LILIA LONDAR
WILLIAM H. BUCKMAN LAW FIRM
110 MARTER AVENUE
SUITE 209
MOORESTOWN, NJ 08057

     On behalf of plaintiff

ANNE E. WALTERS
ELYSE GLAZER CRAWFORD
SHIMBERG & FRIEL PC
20 BRACE ROAD
SUITE 350
CHERRY HILL, NJ 08034

     On behalf of defendant

**HILLMAN**, District Judge

     Presently pending before the Court is the motion of

defendant, Janet Jordan, for the entry of judgment as a matter of

law pursuant to Fed. R. Civ. P. 50, or for a new trial pursuant

to Fed. R. Civ. P. 59; and

     Also pending before the Court is the motion of plaintiff,

Brian Robinson, for attorneys' fees and the reimbursement of
expenses; and

A jury trial having been held in this case on October 12,
2011 through October 21, 2011, where the jury found in favor of
plaintiff, awarding him $100,000 in damages and $50,000 in
punitive damages; and

Following that verdict, defendant having made an oral motion
for a judgment as a matter of law, which the Court denied (see
Docket No. 90); and

Defendant having moved again for judgment in her favor[1] or,
in the alternative, for a new trial[2]; and

_____

[1]    Rule 50(b) provides, in relevant part:

(b) Renewing the Motion After Trial; Alternative Motion
for a New Trial. If the court does not grant a motion
for judgment as a matter of law made under Rule 50(a),
. . . the movant may file a renewed motion for judgment
as a matter of law and may include an alternative or
joint request for a new trial under Rule 59. In ruling
on the renewed motion, the court may:

(1) allow judgment on the verdict,
if the jury returned a verdict;
(2) order a new trial; or
(3) direct the entry of judgment as
a matter of law.

[2]    Rule 59 provides, in relevant part:

(a) In General.

(1) Grounds for New Trial. The court may, on motion,
grant a new trial on all or some of the issues--and to

The Court having heard oral argument on defendant's motion; and

At the conclusion of oral argument, the Court having denied that motion for the reasons extensively expressed on the record[3] (see Docket No. 111); but

The Court having reserved decision on the specific issue of whether, in order to obtain an award of punitive damages in a civil action brought pursuant to 42 U.S.C. § 1983, plaintiff must prove that defendant is financially capable of paying the punitive damages award; and

The Court finding that defendant's ability to pay the punitive damage is not relevant to the viability of the jury's punitive damages award to plaintiff, see Bennis v. Gable, 823 F.2d 723, 734 n.14 (3d Cir. 1987) (citations omitted) (in the context of a claim brought pursuant to 42 U.S.C. § 1983, "We reject the defendants' contention that evidence of their

---

any party--as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .

[3]    On the same day she filed her motion for new trial, defendant also filed a notice of appeal to the Third Circuit Court of Appeals.  (See Docket No. 89.)  Despite the pending appeal, this Court may still decide the pending motions.  See Fed. R. App. P. 4(a)(4).

3

financial status was a prerequisite to the imposition of punitive damages.  Although the wealth of the defendant, together with the size of the compensatory damage award, may be relevant to the imposition of punitive damages, it can hardly be said that the defendants' financial status was an element of plaintiffs' cause of action to be proved before punitive damages could be awarded."); compare Cortez v. Trans Union, LLC, 617 F.3d 688, 718 n.37 (3d Cir. 2010) (citing Restatement (Second) of Torts § 908(2) (1979)) ("A jury can consider the relative wealth of a defendant in deciding what amount is sufficient to inflict the intended punishment."); and

Thus, the Court noting that defendant was permitted to introduce evidence regarding her financial status during trial in an effort to inform the jury about her ability to pay punitive damages, should the jury award them, but the Court also noting that defendant's failure to do so, or defendant's failure to persuade the jury as to her financial status, does not invalidate the punitive damages award; and

The Court further noting that it was not plaintiff's burden to prove defendant's financial status in order to be entitled to an award of punitive damages, see Bennis, 823 F.2d at 734 n.14; and

The Court also noting that the New Jersey Punitive Damages

4

Act, if it were applicable to plaintiff's claims[4], does not

impose a burden on a plaintiff to prove the defendant's wealth in

order for a jury to consider whether to award punitive damages to

---

[4]     It is questionable whether the New Jersey Punitive Damages
Act would apply to plaintiff's constitutional violation claims,
which were brought before this Court under the Court's original
jurisdiction statute, 28 U.S.C. § 1331, and pursuant to 28 U.S.C.
§ 1983.  See Wallace v. Kato, 549 U.S. 384, 388 (2007)
(explaining that even though some aspect of § 1983 claims are
governed by state law, such as the applicable statute of
limitations, some other aspects are not governed by reference to
state law, and are instead "governed by federal rules conforming
in general to common-law tort principles").  Most likely, if the
NJPDA were to apply, it would only be applicable to plaintiff's
claims arising under the New Jersey state constitution.  See Chin
v. Chrysler LLC, 538 F.3d 272, 278 (3d Cir. 2008) (explaining
that when a district court "hears a state-law claim based on its
supplemental jurisdiction, . . . the court must determine
whether, under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938),
a matter is substantive or procedural"); cf. Wolpert v. Abbott
Laboratories, 2012 WL 1600437, *8 (D.N.J. May 7, 2012) (opining
that New Jersey's punitive damages statute could apply to the
plaintiff's state law claims since it was a diversity case).

    Relatedly, if the NJPDA were to apply to plaintiff's claims,
defendant could have requested a bifurcated trial, where first
the jury would have considered liability and compensatory
damages, and then, upon a finding of defendant's liability and
award of compensatory damages, the jury would then hear evidence
relating to punitive damages, including defendant's financial
status.  See N.J.S.A. 2A:15-5.13(a) ("Any actions involving
punitive damages shall, if requested by any defendant, be
conducted in a bifurcated trial.").  Under federal procedural
law, however, defendant would not have been automatically
entitled to bifurcation if she requested it.  See Fed. R. Civ. P.
42(b) ("For convenience, to avoid prejudice, or to expedite and
economize, the court may order a separate trial of one or more
separate issues . . . .").  Regardless, even knowing that
plaintiff was seeking punitive damages, defendant did not request
a bifurcated trial.

plaintiff,[5] <u>see</u> N.J.S.A. 2A:15-5.12; and

      The Court further noting that despite defendant's argument that the purpose of punitive damages would not be served in this case because defendant has retired and the harm cannot be repeated, deterrence of future conduct is only one of the purposes of punitive damages, <u>see</u> <u>Wyatt v. Cole</u>, 504 U.S. 158, 161 (1992) ("The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."); <u>Carey v. Piphus</u>, 435 U.S. 247, 257 n.11 (1978) ("This is not to say that exemplary or punitive damages might not be awarded in a proper case under § 1983 with the specific purpose of deterring or punishing

---

[5]    Under the New Jersey Punitive Damages Act, a plaintiff may be awarded punitive damages only if the plaintiff has proven "by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J.S.A. 2A:15-5.12(a). Once a plaintiff has met that burden, the Act does not impose another burden of proof onto plaintiff to establish defendant's wealth. Instead, the Act provides, "If the trier of fact determines that punitive damages should be awarded, the trier of fact shall then determine the amount of those damages. In making that determination, the trier of fact shall consider all relevant evidence, including, but not limited to, the following:. . .(4) The financial condition of the defendant." N.J.S.A. 2A:15-5.12 (c)(4). No where in the Act does it require the plaintiff to prove what amount of punitive damages the defendant can afford.

violations of constitutional rights."); N.J.S.A. 2A:15-5.10
("'Punitive damages' includes exemplary damages and means damages
awarded against a party in a civil action because of aggravating
circumstances in order to penalize and to provide additional
deterrence against a defendant to discourage similar conduct in
the future."); and

Therefore, the Court finding that the jury's award of
punitive damages will not be altered; and

The Court further finding that plaintiff is entitled to an
award of counsel fees and costs:

> A prevailing party in a § 1983 action is entitled to
> reasonable attorneys' fees and costs under 42 U.S.C. §
> 1988.  A reasonable fee is one "adequate to attract
> competent counsel, but which does not produce windfalls
> to attorneys."  PIRG v. Windall, 51 F.3d 1179, 1185 (3d
> Cir. 1995) (citation omitted).  A reasonable hourly
> rate multiplied by a reasonable number of hours
> expended--the "lodestar"--is the presumptively
> reasonable fee.  Loughner v. Univ. of Pittsburgh, 260
> F.3d 173, 177 (3d Cir. 2001); Hensley v. Eckerhart, 461
> U.S. 424 (1983). A reasonable rate is the prevailing
> market rate in the relevant community.  Loughner, 260
> F.3d at 180.

Planned Parenthood of Cent. New Jersey v. Attorney General of
State of New Jersey, 297 F.3d 253, 265 (3d Cir. 2002); and

Defendant not disputing that a prevailing party in a § 1983
action is entitled to reasonable attorneys' fees and costs, but
defendant arguing that plaintiff's counsel fees, in the amount of
$98,215.50, are excessive in relation to the verdict, and some

7

are duplicative and irrelevant; and

The Court having reviewed plaintiff's counsel's fee affidavit, as well as defendant's challenges to plaintiff's submissions; and

The Court finding most of plaintiff's counsel's billing to be reasonable, in that (1) an associate attorney, with a billing rate of $275, performed the majority of the work; (2) the senior partner, with a billing rate of $400, (a) refrained from billing for most of his review of his associate's work, and (b) for the work he recorded his time, he performed those tasks efficiently; (3) no time was billed for secretary or paralegal time; (4) the case involved relatively complex issues requiring knowledge of constitutional law, the principles of qualified immunity, and the two-stage process of the special jury interrogatories; and (5) the three year old case proceeded through discovery, summary judgment, pretrial motions, jury selection, a seven-day trial, and several post-verdict motions; and

The Court rejecting the basis for most of defendant's challenges[6], except for the following items, which shall be

---

[6]     One of defendant's arguments is that plaintiff's counsel's time in preparation of the post-trial motion for prejudgment interest and the Court-ordered hearing on that motion should be stricken because the motion was denied and had no legal basis. As stated in the Court's Opinion denying plaintiff's motion, whether to grant prejudgment interest is within the discretion of

adjusted on plaintiff's counsel's bill, resulting in a reduction of (-$1705.75):

(1) the 9/9/11 entries containing the duplicate entries for letters and subpoenas for Tom Principato and Douglas Greenwood shall be stricken, and the remaining preparation of the subpoenas and the letters enclosed with subpoenas billed at the partner rate of $400 shall be reduced to the associate rate of $275, thus reducing the bill for these items from $2068.00 to $1130.25 (-$937.75) (see Pl.'s Motion for Fees, Ex. A, pages 14-15);

(2) the 9/9/11 entry "preparation of subpoena for testimony at trial on September 26, 2011" shall be stricken because of vagueness (-$132.00)  (see Pl.'s Motion for Fees, Ex. A, page 15);

(3) the 9/28/11 and 10/5/11 entries regarding preparation of subpoenas and letters that appear to be duplicative or are otherwise vague shall be stricken (-$636.00) (see Pl.'s Motion

_____

the Court, and even though the Court declined to use its discretion to award plaintiff prejudgment interest, plaintiff had a legal basis for advancing such a motion.  (See Docket No. 93.) Moreover, the Court notes that plaintiff is entitled to recover fees for the preparation of the motion to recover attorneys' fees and costs.  See Planned Parenthood of Cent. New Jersey v. Attorney General of State of New Jersey, 297 F.3d 253, 268 (3d Cir. 2002) (citation omitted) ("A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application.").  Plaintiff, however, has not moved to recover his fees for that motion.

for Fees, Ex. A, pages 17-18); and

Therefore, plaintiff shall be awarded counsel fees in the amount of $96,509.75 and costs in the amount of $2,322.70[7]; and

Consequently,

**IT IS HEREBY** on this _____22nd_____ day of_June_____, 2012

**ORDERED** that defendant's motion for a new trial [88] is **DENIED**; and it is further

**ORDERED** that the judgment on the verdict stands; and it is further

**ORDERED** that plaintiff's motion for attorney fees and reimbursement of expenses [104] is **GRANTED IN PART AND DENIED IN PART** consistent with this Memorandum Opinion and Order.


                                            s/ Noel L. Hillman

At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[7]    Defendant contends that plaintiff should not be reimbursed for the costs of the transcripts from his criminal case ($650), but defendant does not explain why.  Because the Court finds that the criminal case forms the basis of plaintiff's claims against defendant, the Court rejects defendant's request.